UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| JEREMY TAYLOR | CIVIL ACTION NO. 20-475-P |
| VERSUS | JUDGE DOUGHTY |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Jeremy Taylor ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was filed in this court on April 15, 2020. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana, and claims his civil rights were violated during his arrest and criminal trial proceedings. He names the City of Shreveport, the Shreveport Police Department, Ben Raymond, A.L. Muller, Officer Ware, the Caddo Parish District Attorney's Office, James E. Stewart, Sr., the Louisiana First Judicial District Court, Charles G. Tutt, William J. Edwards, Angela Ginn Waltman, T.W. Adgate, and Detective J. Blanchard as defendants.

Plaintiff claims he was falsely arrested and imprisoned. He claims Detective Blanchard did not have probable cause to obtain a warrant and arrest him and he tampered with evidence. He claims the initial two officers on the scene of the alleged incident on

July 27, 2018 were Officer Ware and Officer Adgate and they did not believe the victim's version of the assault and beating. Plaintiff claims the victim accused him of pointing a gun at her, striking her with a closed fist, and pulling out her hair. He claims Officer Ware and Officer Adgate refused to arrest him at that time. He claims the officers noted the victim had no physical marks on her indicating that she had been beaten and there were no witnesses to the alleged incident.

Plaintiff claims Defendants violated his rights during his preliminary examination on March 18, 2019. He claims Officer Ware and Officer Adgate were not called to testify. He claims Detective Blanchard violated policy and procedure when he obtained a warrant for his arrest.

Plaintiff claims that on November 22, 2019, he filed a complaint against Detective Blanchard with the City of Shreveport Internal Affairs Division because he lacked probable cause to arrest him and failed to follow the Shreveport Police Department policy. Plaintiff claims Lt. A.L. Muller replied that the issue needed to be addressed by his court appointed attorney Angela Waltman and placed into the court records.

Plaintiff claims he filed a complaint against attorney Angela Waltman for ineffective assistance of counsel. He claims he filed pro se motions to supplement, appoint new counsel, suppress, in limine, and for contradictory hearing. He claims that from May 9, 2019 until November 8, 2019, he filed pleadings which showed that the courts committed a Brady violation.

Plaintiff claims that on March 9, 2020, a bench trial was held before Judge Charles Tutt. He was convicted of aggravated assault with a firearm. State v. Taylor, 54110 (La.App. 2 Cir. 11/17/21), 329 So.3d 1141. He claims his attorney Angela Waltman provided him with ineffective assistance of counsel. He claims Detective Blanchard, the District Attorney's Office, District Attorney Stewart, and Assistant District Attorney William Edwards withheld exculpatory evidence contained in the supplemental police reports of Officer Ware and Officer Adgate. He claims neither the State nor his attorney Angela Waltman called Officer Ware and Officer Adgate as witnesses. Plaintiff claims he was maliciously prosecuted and local state officials conspired to deprive him of a fair trial.

Accordingly, Plaintiff seeks monetary compensation, punitive damages, attorney fees, and reversal of his conviction.

## LAW AND ANALYSIS

**False Arrest Claim**

Plaintiff appeared for his preliminary examination on March 18, 2019. The "statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Wallace v. Kato, 549 U.S. 3 84, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007). Under Louisiana law, if a person is arrested pursuant to a warrant, the determination of probable cause and the subsequent detention of the arrestee is made at the time that the warrant is issued. See La.C.Cr.P. art. 202. Persons arrested without a warrant are entitled to a probable cause determination by

a Magistrate within 48 hours of their arrest and the failure to afford such a determination results in the immediate release of the arrestee. La.C.Cr.P. art. 230.2. Presumably, and in the absence of any allegations to the contrary, plaintiff was either arrested on a warrant or otherwise afforded a probable cause determination within 48 hours of his arrest, or no later than March 18, 2019 when he appeared for his preliminary examination.

Plaintiff's false arrest and imprisonment claims thus accrued on that date when the State court determined that there was probable cause to arrest and prosecute Plaintiff. Compare Villegas v. Galloway, 458 Fed. Appx. 334, 338, 2012 WL 45417 (5th Cir.2012)(unpublished) ("... false imprisonment ends when the defendant is held pursuant to legal process, such as when he is arraigned or bound over by a magistrate. Wallace v. Kato, 549 U.S. 384, 389–90, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). Here, any claim of false imprisonment arising out of the allegedly unlawful search and seizure accrued in 2003, when a magistrate judge found probable cause to detain Villegas pending trial.") The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a § 1983 action. Lavellee v. Listi, 611 F.2d 1129 (5th Cir.1980).

Plaintiff had one year, or until March 18, 2020 at the latest, to file his civil rights complaint claiming false arrest/imprisonment in violation of his Fourth and Fourteenth Amendment rights. Plaintiff's complaint was filed on April 15, 2020 and signed on April 10, 2020, beyond the expiration of the one year period of limitations and therefore the claims are subject to dismissal as barred by the statute of limitations.

**Heck Claim**

Plaintiff claims he was wrongly convicted because of the actions of Defendants. Plaintiff is seeking monetary damages for an allegedly unconstitutional conviction. The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated. The holding in Heck has been extended to parole and probation revocation proceedings. Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995); Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995); see also Cougle v. County of DeSoto, 303 Fed.Appx. 164, 165 (5th Cir. 2008). When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages for civil rights violations under Section 1983; therefore, he must prove his conviction has been invalidated. He has not met this

Page **5** of **10**

precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction has been invalidated.

**District Attorney and Assistant District Attorney**

Plaintiff names District Attorney James E. Stewart, Sr. and Assistant District Attorney William Edwards as defendants. He claims they maliciously prosecuted him, conspired with other local state officials to deprive him of a fair trial and withheld evidence. Prosecutors have absolute immunity when acting in a quasi-judicial mode. Imbler v. Pachtman, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); Geter v. Fortenberry, 849 F.2d 1550 (5th Cir. 1988). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. Geter, 849 F.2d at 1552. Absolute immunity is immunity from suit rather than from liability. Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." Id. at 1478.

The conduct challenged unequivocally falls within the authority of the District Attorney and Assistant District Attorney as quasi-judicial officers of the court and in the ordinary exercise of their quasi-judicial duties. Accordingly, Plaintiff's civil rights complaint against District Attorney James E. Stewart, Jr., and Assistant District Attorney Williams Edwards should be dismissed as frivolous.

**Attorney Angela Waltman**

Plaintiff claims Attorney Angela Waltman provided him with ineffective assistance of counsel. Plaintiff does not specifically allege that Angela Waltman acted under color of state law.

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. Neither privately obtained nor court appointed defense attorneys act under color of state law for purposes of Section 1983.

Both a retained and a court appointed attorney serve their client, the accused; they do not serve the state. They serve a private function for their client that follows from the very nature of the attorney-client relationship and for which no state office or authority are needed. Hence, neither a retained nor a court appointed attorney acts under color of state law and cannot be held liable under Section 1983. See Polk County v. Dodson, 454 U.S. 312 (1981); Ellison v. DeLa Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (citing Polk County, supra); United States ex rel. Simmons v. Zibilich, 542 F.2d 259, 261 (5th Cir. 1976); Nelson v. Stratton, 469 F.2d 1155 (5th Cir. 1972); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Mills v. Criminal District Court #3, 837 F.2d 677 (5th Cir. 1988)(citing Nelson, supra).

Accordingly, Plaintiff's civil rights claims against Attorney Angela Waltman should be dismissed as frivolous.

**Judge Tutt**

Plaintiff claims Judge Tutt presided over his criminal trial. Plaintiff cannot allege claims against Judge Tutt. It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982). The conduct challenged by Plaintiff unequivocally falls within the judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties.

Accordingly, Plaintiff's civil rights claims against Judge Tutt should be dismissed as frivolous.

**Habeas Claims**

To the extent that Plaintiff seeks reversal of his conviction and a release from custody, his claims should be dismissed. A release from custody is not available through a civil rights action. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Such relief is available, if at all, in a habeas corpus action under 28 U.S.C. § 2254(a). To the extent Plaintiff seeks the reversal of the

conviction and release from incarceration, he fails to state a claim for which relief may be granted pursuant to 42 U.S.C. § 1983.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims seeking monetary damages for his allegedly unconstitutional conviction be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met. **IT IS FURTHER RECOMMENDED** that Plaintiff's remaining civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e). **IT IS FURTHER RECOMMENDED** that this action—insofar as it seeks the reversal of the criminal conviction and his immediate release—be **DISMISSED** for failing to state a claim for which relief may be granted pursuant to Section 1983.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 18th day of February, 2022.

_____
Mark L. Hornsby
U.S. Magistrate Judge